IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANA RUCKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-1895-N |
| | § | |
| BANK OF AMERICA, N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

This Order addresses Defendants Bank of America, N.A. ("Bank of America") and Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment [Doc. 20].  The Court grants the motion.[1]

### I. THE MORTGAGE DISPUTE

This case involves the mortgage on a property ("the Property") that Plaintiff Diana Rucker acquired on or about March 30, 2005.  In connection with the Property, Rucker secured a loan in the amount of $175,000 from Argent Mortgage Company, LLC ("Argent") and executed a Texas Home Equity Adjustable Rate Note ("the Note") and a Texas Home Equity Security Instrument (the "Deed of Trust").  Argent later assigned the Deed of Trust to Wells Fargo.  Bank of America is the loan servicer for Wells Fargo.

---

[1]The Court denies Plaintiff Diana Rucker's motion for a hearing on the motion for summary judgment [32] as moot.

ORDER – PAGE 1

The dispute arises from communications between the parties regarding the mortgage on the Property and a loan modification, as well as from payments and fees charged pursuant to the mortgage. According to the evidence submitted, Rucker began having problems making payments on the loan beginning in June 2006. She began the process of seeking a loan modification in January 2008, but Bank of America denied her loan modification application in April 2008. Rucker maintains that on multiple occasions over a six-year period, she requested a loan modification and Defendants either denied the request or failed to respond at all. On January 15, 2010, Bank of America sent Rucker a Notice of Default and Intent to Accelerate. On or about July 15, 2010, Rucker sent Bank of America a request for information relating to the loan, to which Bank of America responded by various correspondence in July and August.

On April 18, 2013, Rucker filed this action in state court, and Defendants timely removed. In her amended complaint, Davis asserts claims for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), breach of contract, violations of the Texas Property Code, unjust enrichment, negligence and negligent misrepresentation, violations of the Texas Debt Collection Act, violations of section 50(a), Article XVI of the Texas Constitution, and various relief.[2] As of the date of filing the motion

---

[2]Although in her response to the motion for summary judgment, Rucker claims she also has stated claims for anticipatory breach of contract and common law fraud, *see* Pl.'s Resp. Br. 1, the first amended complaint does not contain such claims. Because these claims are not before the Court, the Court does not consider them. *See De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012).

for summary judgment, the loan was only paid through October 2007. Despite defaulting on the loan seven years ago, Rucker remains in possession of the Property. Defendants now move for summary judgment on Rucker's claims.

## II. STANDARD FOR SUMMARY JUDGMENT

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, a court must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "conclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS SUMMARY JUDGMENT

#### A. *Rucker Is Not Entitled to Relief on Her Claim for Violations of RESPA*

In her complaint, Rucker alleges violations of section 2605 of RESPA. Specifically, she alleges that Bank of America failed to notify her that it had assumed Argent's servicing rights as required under section 2605(c)(2). *See* 12 U.S.C. § 2605(c) ("Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer . . . not more than 15 days after the effective date of transfer of the servicing of the mortgage loan."). Rucker also alleges that Bank of America failed to adequately respond to two qualified

written requests ("QWRs") that she sent.[3]  According to RESPA, upon receipt of a QWR, the

servicer shall:

> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

---

[3]Although Rucker's amended complaint references two QWRs, she only discusses one such request in the affidavit she submitted in support of her response to the motion for summary judgment.

ORDER – PAGE 5

12 U.S.C. § 2605(e)(2).  Under the version of section 2605(e) in effect at the time Rucker

allegedly made the requests,[4] Bank of America had twenty days to acknowledge the QWR

and sixty days to respond.  12 U.S.C. § 2605(e)(2) (2010).

      Defendants are entitled to summary judgment on Rucker's claims for violations of

RESPA for a number of reasons.  First, Rucker has not shown that she suffered any actual

damages as a result of Defendants' alleged breach of section 2605.  To recover for a violation

of section 2605, a borrower must show "actual damages to the borrower as a result of the

[servicer's] failure."  12 U.S.C. § 2605(f)(1).  Rucker's complaint alleges that she sustained

various types of damages, such as "[t]he loss of creditworthiness[,] . . . the stigma of

foreclosure[, m]ental anguish[,] and acute psychic trauma."  Pl.'s First Am. Compl. ¶ 66.

There is no evidence, however, that these damages were the *result* of Defendants' alleged

failure to comply with RESPA.  *See Law v. Ocwen Loan Servicing, L.L.C.*, 2014 WL

5285947, at *3 (5th Cir. 2014) ("Because Law alleged no facts upon which his injuries could

be viewed as resulting from Ocwen's failure to provide him with notice under RESPA, we

conclude that the district court correctly dismissed his claim."); *Madura v. BAC Home Loans

Servicing, LP*, 2014 WL 5800551, at *7 (11th Cir. 2014) (affirming summary judgment

where the borrowers "offered no competent evidence demonstrating actual damages caused

---

      [4]This section of RESPA was amended effective January 1, 2014 to shorten the time
period to acknowledge a QWR from twenty days to five days and the time period to respond
to a QWR from sixty days to thirty days.  *See Donaldson v. U.S. Bank Nat. Ass'n*, 2014 WL
4863080, at *4 n.1 (E.D. Mich. 2014).

by RESPA violations.")  In fact, at the time she allegedly sent the QWR, Rucker's loan had already been in default for a number of years.  Because there is no evidence that any alleged failure to respond to the QWR caused actual damage, summary judgment is proper.  *See Whittaker v. Wells Fargo Bank, N.A.*, 2014 WL 5426497, at *10 (M.D. Fla. 2014) (granting summary judgment where "the RESPA claim f[ell] short due to a failure of proof as to a causal connection between any RESPA violation and actual damages").

Moreover, based on the evidence presented, Defendants satisfied their obligations to respond to Rucker's correspondence.  To impose a duty on a servicer to respond under section 2605, a borrower must first send written correspondence that enables the servicer to identify the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1); *see Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014) (noting in the Rule 12(b)(6) context that "to state a viable claim under [RESPA], the [borrowers] had to plead that their correspondence met the requirements of a QWR[.]"). Rucker has not provided a copy of the actual request, but in her affidavit she states that she "sent a RESPA Qualified Written Request, Complaint, and Dispute of Debt and Validation of Debt Letter to Bank of America on July 15, 2010.  Bank of America responded on July 21, 2010."  Pl.'s Resp. App. [30] 003.  Bank of America's response indicates that Rucker's correspondence requested "numerous copies of documents relating to the origination of the

ORDER – PAGE 7

subject loan and a loan history including fees assessed to the subject loan." Defs.' Mot. Summ. J. App. 051. This request exceeded the scope of RESPA.

RESPA only requires servicers to provide "information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1). "Servicing" includes "receiving any scheduled periodic payments from a borrower" or "making the payments of principal and interest." 12 U.S.C. § 2605(i)(3). RESPA does not require the servicer to produce information to verify the legitimacy of the loan. *See Chambers v. Citimortgage, Inc.*, 2014 WL 1819970, at *4 (W.D. Tex. 2014) (acknowledging that case law indicates that "borrower letters requesting information about loan ownership, loan modifications, or other non-servicing matters" do not trigger an obligation to respond). Therefore, to the extent that Rucker's QWR requested information regarding the validity of the loan, RESPA did not require Defendants to provide such information. RESPA only required Defendants to provide information regarding servicing, and based on the evidence, Bank of America complied. Defendants have submitted evidence of their responses to Rucker's correspondence, which include a detailed summary of her loan and a loan transaction history statement. Rucker has not submitted any evidence that shows the information contained in these responses did not adequately address her QWR. Accordingly, Defendants are entitled to judgment as a matter of law, and the Court grants summary judgment in their favor as to the RESPA claim.

### B.  Rucker Is Not Entitled to Relief on Her
### Claim for Violations of The Texas Property Code

Rucker's amended complaint appears to contain a claim for violation of Texas Property Code section 51.002(d).  *See* Pl.'s First Am. Compl. ¶¶ 29–37.  Section 51.002(d) requires a servicer to serve a defaulting borrower with written notice of the default and give the borrower at least 20 days to cure the default before notice of sale can be given.  TEX. PROP. CODE. § 51.002(d).  This section of the Property Code can be invoked where a party asserts a claim for wrongful foreclosure.  *See Franco v. U.S. Bank Nat. Ass'n*, 2014 WL 4441224, at *2 (W.D. Tex. 2014) ("Under Texas law, a foreclosure sale may be set aside as invalid if notice is improper under § 51.002.").  Yet, Rucker maintains that she is not asserting a claim for wrongful foreclosure.  *See* Pl.'s Resp. Br. 7.  Assuming that Rucker is asserting an independent claim for a violation of section 51.002(d), Texas law does not recognize such an action.  *Anderson v. CitiMortgage, Inc.*, 2014 WL 2983366, at *5 (E.D. Tex. 2014).  Accordingly, Rucker's claim under this section fails as a matter of law, and the Court grants summary judgment in favor of Defendants.

### C.  Rucker Is Not Entitled to Relief on Her Claim for Breach of Contract

In her amended complaint, Rucker alleges that Defendants breached the Deed of Trust.  Under Texas law, "[t]he essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result

of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (alteration in original) (citation omitted) (internal quotation marks omitted).

Rucker's breach-of-contract claim is predicated in part on Defendants' alleged failure to comply with the Deed of Trust's requirements regarding acceleration.  Paragraph 21 provides that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach or any covenant or agreement in this Security Instrument . . ." and specifies the requirements of this notice.  *See* Defs.' Mot. Summ J. App. 020.  Under Texas law, "[e]ffective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *see Karam v. Brown*, 407 S.W.3d 464, 469 (Tex. App. – El Paso 2013, no pet.) ("To lawfully exercise an option to accelerate upon default provided by a note or deed of trust, the lender must give the borrower both notice of intent to accelerate and notice of acceleration, and in the proper sequence.").  Additionally, "[b]oth notices must be 'clear and unequivocal.'" *Wolf*, 44 S.W.3d at 566 (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)).

"The lender must give the notice of intent to accelerate first[,]" *Karam*, 407 S.W.3d at 469, which Defendants did.  On January 15, 2010, Bank of America sent Rucker a notice of default and intent to accelerate, which provided that "[i]f the default is not cured on or before February 14, 2010, the mortgage payments will be accelerated." Defs.' Mot. Summ. J. App. 040.  "If the default has not been cured by the deadline established in the notice, the lender must then give notice of acceleration.  Ordinarily, a lender gives notice of acceleration

by expressly declaring the entire debt due." *Karam*, 407 S.W.3d at 469–70. Defendants have not established that they met this requirement. Contrary to Rucker's contention, this does not, however, mean that Defendants have breached the contract. Rather, if Defendants have not yet sent the notice of acceleration, the loan is simply not accelerated. Accordingly, Rucker cannot base her breach-of-contract claim on the alleged failure to provide a notice of acceleration, and summary judgment is proper.

Rucker's breach-of-contract claim is also predicated on Defendants' alleged violation of Texas Property Code Section 51.002(d). From the amended complaint, Rucker appears to contend that the Texas Property Code was incorporated into the Deed of Trust through Paragraph 15, which states that the security instrument "shall be governed by federal law and the laws of Texas." Pl.'s First Am. Compl. ¶ 32; Defs.' Mot. Summ. J. App. 017. According to the Fifth Circuit, "[f]ederal statutes and regulations can form the basis of a breach-of-contract claim if the parties expressly incorporate them into their contract." *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013). The general provision regarding Texas law provided in Paragraph 15 of the Deed of Trust is not explicit enough to incorporate the Texas Property Code. *See id.* (holding that a provision in a deed of trust that the deed "shall be governed by federal law and the law of the jurisdiction in which the Property is located" was too general to incorporate RESPA into the contract); *Johnson v. JPMorgan Chase Bank, N.A.*, 2013 WL 2554415, at *9 (E.D. Tex. 2013), *aff'd sub nom. Johnson v. JP Morgan Chase Bank*, 570 F. App'x 404 (5th Cir. 2014) (determining that the clause providing that the security instrument "shall be governed by Federal law and

the law of the jurisdiction in which the property is located" did not incorporate Texas Property Code Section 51.002(d) into the contract such that a notice violation was also a violation of the deed of trust). Rucker has not directed the Court to any other evidence that would suggest that the parties incorporated the Texas Property Code into the contract. Therefore Rucker cannot base her breach-of-contract claim on an alleged violation of the Texas Property Code, and summary judgment is proper.

In support of her breach of contract claim, Rucker appears to maintain that Defendants have waived their right to foreclose. *See* Pl.'s First. Am. Compl. ¶ 37. "Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). Under Texas law, "[t]he elements of waiver are: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) an actual intent to relinquish the right (which can be inferred from conduct)." *G.H. Bass & Co. v. Dalsan Props. Abilene*, 885 S.W.2d 572, 577 (Tex. App. – Dallas 1994, no writ). The third element, intent, is key to establishing waiver. *Id.* As one court has noted:

> The law on waiver distinguishes between a showing of intent by actual renunciation and a showing of intent based on inference. In the latter situation, it is the burden of the party who is to benefit by a showing of waiver to produce conclusive evidence that the opposite party "unequivocally [sic] manifested" its intent to no longer assert its claim. This is a particularly onerous burden.

*Id.* (alteration in original) (citations omitted) (quoting *Fed. Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 947 (Tex. App. – Houston [1st Dist.] 1988, no writ)). Rucker's waiver claim

is predicated on an inference of intent. It is unclear, however, what the factual basis of Rucker's waiver claim is. In her amended complaint, Rucker asserts that Defendants have waived their right to foreclose "[a]s a result of Defendants' wrongful conduct." Pl.'s First Am. Compl. ¶ 37. In her response to Defendants' motion for summary judgment, she appears to argue that Defendants waived their right to foreclose by providing insufficient opportunity for redemption and not setting reasonable conditions by which she could satisfy the contract terms. The uncontroverted evidence establishes that Bank of America began notifying Rucker that her loan was in default in January 2010. Rucker still resides in the Property. She clearly has had substantial opportunity to cure the default. The Court finds that Rucker has offered insufficient summary judgment evidence that Defendants unequivocally manifested an intent to waive their right to foreclose. Therefore, summary judgment is proper as to any claim based on waiver.

### D. *Rucker Is Not Entitled to Relief on Her Claim for Unjust Enrichment*

In her amended complaint, Rucker asserts a claim for unjust enrichment. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). Rucker's unjust enrichment claim is based on Defendants' billing of allegedly improper fees. *See* Pl.'s First Am. Compl. ¶¶ 38–41. However, "there can be no recovery based on [a theory of unjust enrichment] where the same subject matter is covered by an express contract." *Baxter v. PNC Bank Nat. Ass'n*, 541 F. App'x 395, 397 (5th Cir. 2013). Here, the issue of fees is covered by the Note and Deed of

ORDER – PAGE 13

Trust.  As noted by another district court in the Fifth Circuit, "[w]ith the[] express agreement[] in place, any recovery based on a theory of unjust enrichment fails as a matter of law."  *Forbes v. CitiMortgage, Inc.*, 998 F. Supp. 2d 541, 553 (S.D. Tex. 2014); *see also Davidson v. JP Morgan Chase, N.A.*, 2014 WL 4924128, at *16 (S.D. Tex. 2014) ("This Court finds that Davidson fails to state a tort claim for unjust enrichment because the Note and Deed of Trust authorize her continued obligation for alleged late fees, penalties and related fees . . . and thus the claim arises from the contract under the economic loss rule." (internal citations omitted)); *Uzodinma v. JPMorgan Chase Bank, N.A.*, 2014 WL 4055367, at *7 (N.D. Tex. 2014) (dismissing a claim for unjust enrichment predicated on the alleged increase of mortgage payments because the issue was covered by the deed of trust). Accordingly, the Court grants summary judgment in favor of Defendants on Rucker's claim for unjust enrichment.

### E.  Rucker Is Not Entitled to Relief on Her Claims for Negligence and Negligent Misrepresentation

Under Texas law, a negligence claim requires (1) the existence of a duty; (2) a breach of that duty; and (3) damages proximately caused by the breach.  *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).  In support of her negligence claim, Rucker alleges that Bank of America "negligently serviced Plaintiff's loan, and breached its duty to fulfill its obligations of maintenance, accounting, and servicing of the loan in a non-negligent manner."  Pl.'s First Am. Resp. ¶ 43.  The economic loss rule bars Rucker's negligence claim.  The economic loss rule "generally precludes recovery in tort for economic losses

resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). "Thus, tort damages are generally not recoverable if the defendant's conduct 'would give rise to liability only because it breaches the parties' agreement.'" *Smith v. JPMorgan Chase Bank, Nat. Ass'n*, 2014 WL 6790749, at *7 (N.D. Tex. 2014) (quoting *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). Here, because the alleged misconduct relates to the contractual obligations of the parties, Rucker cannot prevail on a claim for negligence. Accordingly, summary judgment on Rucker's negligence claim is proper.

A claim for negligent misrepresentation requires that "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *First Nat. Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1998) (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).

From the first amended complaint and her response to the motion for summary judgment, Rucker's negligent misrepresentation claim appears to be predicated on two alleged misrepresentations. First, Rucker alleges that Defendants "misrepresented the extent of Plaintiff's consumer debt" because "Plaintiff's loan was substantially, unreasonably, and inappropriately overcharged." *See* Pl.'s Resp. Br. 24. As previously discussed, the issue of

ORDER – PAGE 15

fees and payments is governed by the contract.  At bottom, this claim sounds in contract and fails as a matter of law.  *See OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App. – Tyler 2003, pet. denied) ("If the action depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings."); *Uzodinma*, 2014 WL 4055367, at *7 (dismissing negligent misrepresentation claim predicated on inaccurate assessments of the mortgage account because the economic loss rule precluded recovery).  Second, Rucker alleges that "Defendants agreed to provide Plaintiff with a loan modification but when the loan modification was given, it was in the amount of $500 greater than the original payments." Pl.'s Resp. Br. 25.   Not only is a representation about future conduct not actionable under a theory of negligent misrepresentation, *see De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012), but Rucker fails to explain how this statement was a misrepresentation when Defendants in fact sent the loan modification.  Because Rucker has not asserted any actionable conduct to support her negligent misrepresentation claim, she cannot prevail on the claim and the Court grants summary judgment.[5]

---

[5]In support of her claim for negligent misrepresentation, Rucker submits evidence from another mortgage case involving Bank of America.  The Court declines to consider this evidence as it is not relevant to Rucker's claim.  Not only does the evidence relate to a separate action, it does not support any of the allegedly negligent misrepresentations she maintains occurred in this case.

### F.  Rucker Is Not Entitled to Relief on Her Texas
### Consumer Credit Code/Debt Practices Act Claim

Rucker alleges that Defendants violated sections 392.301(a)(8), 392.304(a)(19), 392.304(a)(8), 392.304(a)(10), and 392.303(a)(2) of the Texas Finance Code, all of which are portions of the Texas Debt Collections Act ("TDCA").  As this Court has previously noted, "[c]ourts have applied the economic loss rule to TDCA claims premised on alleged misrepresentations where the actions taken by the lender were wrongful only because they violated the agreement between the borrower and lender." *Caldwell v. Flagstar Bank, FSB*, 2013 WL 705110, at *12 (N.D. Tex. 2013) *report and recommendation adopted*, 2013 WL 705876 (N.D. Tex. 2013) (citing cases).  Upon review of the amended complaint, the Court determines that the economic loss rule bars most of Rucker's TDCA claims.  In support of these claims, Rucker alleges that "Defendants misrepresented the character and extent of Plaintiff's loan, wrongfully accelerated and filed an application for foreclosure[,]" and collected unauthorized incidental charges.  *See* Pl.'s First Am. Compl. ¶¶ 50–51.  As previously discussed, the Note and Deed of Trust cover the issue of fees.  Rucker impermissibly attempts to raise "a breach of contract claim cloaked in the lexicon of the TDCA," *Llanes v. U.S. Bank, Nat. Ass'n*, 2014 WL 2883922, at *9 (N.D. Tex. 2014) (internal quotation marks omitted).

Moreover, Rucker's claim under section 392.301(a)(8) is predicated on alleged threats of foreclosure, and the TDCA provides that this section "does not prevent a debt collector from . . . exercising or threatening to exercise a statutory or contractual right of seizure,

ORDER – PAGE 17

repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3); *see Singha v. BAC Home Loans Servicing, L.P.*, 564 F. App'x 65, 70 (5th Cir. 2014) (holding that where Defendant is "a proper mortgagee, threatening foreclosure is expressly permitted by the TDCA."). Accordingly, Rucker cannot prevail on her TDCA claims as a matter of law, and summary judgment is proper.

### G. Rucker Is Not Entitled to Relief on Her Claim for a Violation of the Texas Constitution

In her amended complaint, Rucker alleges that Defendants violated section 50(a), Article XVI of the Texas Constitution because the Deed of Trust failed to comply with the requirements of the section. The complaint does not, however, explain how the Deed of Trust failed to comply with these requirements. Regardless, the claim is time barred.

Under Texas Civil Practice and Remedies Code Section 16.051, "[e]very action for which there is no express limitations period . . . must be brought not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.051. The Fifth Circuit has previously determined that this limitations period "applies to constitutional infirmities." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir.), *cert. denied sub nom. Priester v. JPMorgan Chase Bank, N.A.*, 134 S. Ct. 196 (2013). A cause of action for a violation of section 50(a), Article XVI of the Texas Constitution accrues "when the home equity loan in question closes and the lien is created." *Kramer v. JP Morgan Chase Bank, N.A.*, 574 F. App'x 370, 373 (5th Cir. 2014). There is no dispute that Rucker closed on her home equity loan in March 2005. Therefore, any action for violation

of the Texas Constitution must have been brought by March 2009 at the latest.  Because Rucker filed this case in state court in 2013, it is time barred.

### H.  The Court Grants Summary Judgment on Rucker's Requested Relief

Defendants seek summary judgment on Rucker's request for equitable relief, declaratory relief, and an accounting.  Because Rucker remains in serious default on the loan, she is not entitled to equitable relief.  *See White v. BAC Home Loans Servicing, LP*, 2010 WL 4352711, at *5 (N.D. Tex. 2010) ("[T]o the extent White seeks equitable relief to avoid foreclosure, he cannot state a claim for such relief because he has not tendered the amount due on the loan, and Texas courts have made clear that 'a necessary prerequisite to the ... recovery of title ... is tender of whatever amount is owed on the note.'" (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App. – Houston [14th Dist.] 1986, writ ref'd n.r.e))).  Accordingly, the Court grants summary judgment regarding Rucker's request for equitable relief.

The Court also grants summary judgment on Rucker's request for declaratory relief and an accounting.  The Declaratory Judgment Act ("DJA")[6] is a procedural device: it creates no substantive rights and requires the existence of a justiciable controversy.  *See Lowe v. Ingalls Shipbuilding.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *see Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937).  Thus, the DJA can provide no relief to a plaintiff

---

[6]Removal from state to federal court, in effect, converts a state court declaratory judgment action into one under the DJA.  *See, e.g.*, *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5 n.11 (N.D. Tex. 2011); *Morrice Logistics, Ltd. v. Intransit Inc.*, 2011 WL 1327397, at *4 n.1 (W.D. Tex. 2011).

unless a justiciable controversy exists between the parties. *See Kazmi v. BAC Home Loans Servicing, L.P.*, 2012 WL 629440, at *15 (E.D. Tex. 2012); *Turner v. AmericaHomeKey Inc.*, 2011 WL 3606688, at *5 (N.D. Tex. 2011) (explaining that DJA is "merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law"). Similarly, an accounting is not an independent cause of action, but rather a remedy. *Watson v. Aurora Loan Servs. LLC*, 2012 WL 3594233, at *10 (N.D. Tex. 2012). Because the Court has granted summary judgment in favor of Defendants on all of Rucker's claims, there is no controversy between the parties to support declaratory relief or an accounting. Accordingly, the Court grants summary judgment as to Rucker's request for this relief.

**CONCLUSION**

Accordingly, the Court grants summary judgment to Defendant on Rucker's claims for violations of RESPA, violations of the Texas Property Code, breach of contract, unjust enrichment, negligence and negligent misrepresentation, violation of the TDCA, violations of section 50(a), Article XVI of the Texas Constitution, and her requested relief.

Signed December 18, 2014

David C. Godbey
United States District Judge